# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LARRY G. GARZA,

     Plaintiff,

v.                          Case No. 05-CV-72405-DT

FEDERAL COMMUNICATIONS COMMISSION,

     Defendant.

                                         /

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT UNDER
## 28 U.S.C.§ 1915(e)(2)

Plaintiff Larry G. Garza filed a *pro se* complaint on June 17, 2005. Pending before the court is Plaintiff's application to proceed *in forma pauperis*. For the reasons set forth below, the court will grant Plaintiff's request to proceed without prepayment of fees; however, the court will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

In his complaint, Plaintiff alleges that when he was seven years old, he had his tonsils removed, at which time the Federal Communications Commission ("FCC") approved the placement of transponders around his ear canal without his permission. (Pl.'s Compl. at 1.) He further alleges that he was contacted through these transponders and that his words were transcribed into music. (*Id.*) Plaintiff also alleges that the FCC is torturing and following him. (*Id.*) Plaintiff claims that the FCC has

attempted to kill him in the past and that a now-retired FCC employee blew up his motel room in 1995.  (*Id.* at 2.)  Finally, Plaintiff alleges that the FCC made $100 billion off of him through these activities.  (*Id.*)

## II.  DISCUSSION

### A.  Plaintiff's Application to Proceed *In Forma Pauperis*

Plaintiff has filed an application to proceed *in forma pauperis*, or without the prepayment of fees.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  If an application to proceed *in forma pauperis* is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed.  *See Gibson v. R. G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)).  Once the complaint has been filed, it is then tested to determine whether it is frivolous or if it fails to state a claim upon which relief can be granted.  *See Gibson,* 915 F.2d at 261.  The court finds Plaintiff's financial affidavit to be facially sufficient; therefore, the court will grant Plaintiff's motion to proceed *in forma pauperis*.

### B.  Dismissal Under § 1915(e)(2)

When a complaint is filed *in forma pauperis* pursuant to § 1915(a), it is then tested under 28 U.S.C. § 1915(e)(2)(B)(i), which provides that "the court shall dismiss

the case at any time if the court determines that . . . the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), the United States Supreme Court held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact" (citing *Nietzke v. Williams*, 490 U.S. 319, 323 (1989)). A court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," which is a category consisting of allegations that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33. A complaint is factually frivolous when the alleged facts rise to the level of irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Id.* at 33.

Plaintiff's complaint is "clearly baseless" and consists of delusional claims.

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED; and Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2005, by electronic and/or ordinary mail.

                                        S/Lisa G. Teets  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522